IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAURICE ANTWAIN PAYNE, | § | |
| *Plaintiff,* | § | SA-23-CV-01313-XR |
| vs. | § | |
| SPECTRUM, ET AL., | § | |
| *Defendant.* | § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint [#1]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on an inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP, but order Plaintiff to file a more definite statement before ordering service of his Complaint on Defendants.

**I. Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff is unemployed, has no income, no savings, and no regular monthly expenses.  The motion therefore indicates that Plaintiff does not have sufficient monthly resources available to pay the filing fee.  The Court will therefore grant Plaintiff's Motion to Proceed IFP.

Plaintiff is advised, however, that although he has been granted leave to proceed IFP, this Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases.  *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).  The Court will therefore order that Plaintiff's Complaint be docketed, but service upon Defendant will be withheld pending this Court's review of the plausibility of Plaintiff's claims under § 1915(e).

## II.  More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]  *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's proposed Complaint names one Defendant—Spectrum.  Plaintiff alleges that he entered into a consumer credit transaction with Defendant, and Defendant committed securities fraud in violation of Section 17 of the Securities Act of 1933, codified at 15 U.S.C. § 77q.  Plaintiff

---

[1] The administrative fee, which is currently $52, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[2] 28 U.S.C. § 1915(e) does not mandate frivolousness review before the docketing of a Complaint filed by a non-prisoner Plaintiff proceeding IFP.  However, the San Antonio Division has a standing order requiring all Magistrate Judges to undertake such review in conjunction with disposing of a motion to proceed IFP.

provides no other details regarding the allegations underlying his proposed Complaint. Plaintiff's proposed Complaint as currently pleaded fails to plead a claim for securities fraud.

Section 17 of the Securities Act of 1933 prohibits fraudulent conduct and material misstatements and omissions in connection with the sale of securities. 15 U.S.C. § 77q. To begin with, Plaintiff does not allege that Defendant sold or attempted to sell him a security, and Plaintiff's allegations appear to concern a consumer agreement, not the sale or purchase of a security. Further, to assert a claim under Section 17, a plaintiff must allege (1) a misstatement or omission (2) of a material fact (3) made with scienter (4) on which the plaintiff relied (5) that proximately caused his injury. *Abrams v. Baker Hughes Inc.*, 292 F.3d 424, 430 (5th Cir. 2002) (internal quotation marks omitted); *Landry v. All Am. Assurance Co.*, 688 F.2d 381, 387 (5th Cir. 1982). In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake, i.e., the who, what, when, where, and how of the fraud. Fed. R. Civ. P. 9(b). However, a plaintiff may plead a person's condition of mind, such as scienter, generally. *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994).

Plaintiff has failed to satisfy this heightened pleading standard or to allege the required elements of a claim of securities fraud. The Court will therefore withhold service of Plaintiff's Complaint on Defendant. The Court will give Plaintiff one opportunity to amend his pleading by ordering Plaintiff to file a more definite statement to address these pleading deficiencies.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until

further Order of this Court, waive the collection of any other fees or costs from Plaintiff.  <u>Service upon Defendant should be withheld pending this Court's review under § 1915(e)</u>.

**IT IS FURTHER ORDERED** that on or before **November 16, 2023**, Plaintiff shall file a **More Definite Statement** of the claims he seeks to present to this Court.  Plaintiff is reminded to keep his statement **"short and plain,"** detailing only the facts relevant to his claims.  *See* Fed. R. Civ. P. 8(a)(2).  In this More Definite Statement, Plaintiff should address the following issues and questions:

- What security did you purchase or were you attempting to purchase from or invest in with Defendant?

- Please identify the "who, what, when, where, and how" of the alleged fraud.
    - Who specifically committed the fraud?
    - What was the alleged fraudulent misrepresentation?
    - When was the fraud committed?
    - Where did the fraud occur?
    - How was the fraud perpetuated?

- How do you know the person who committed the fraud knew the representations were fraudulent?  What do you believe the person's state of mind to have been at the time of the alleged fraud?

- What did you do in response to the misrepresentations?

- How were you harmed?

Plaintiff shall include the following declaration at the end of his more definite statement:

> I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.
>
> Executed on this _____ day of _____2023.
>
> _____
> Signature of Plaintiff

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement, he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

SIGNED this 26th day of October, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE