IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAURICE ANTWAIN PAYNE, | § | |
| *Plaintiff,* | § | SA-23-CV-01313-XR |
| vs. | § | |
| SPECTRUM, ET AL., | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

Before the Court is the above-styled cause of action. On October 26, 2023, the Court granted Plaintiff's motion to proceed *in forma pauperis* and ordered the docketing of Plaintiff's Complaint [#4]. However, the Court withheld service pending the filing of a More Definite Statement regarding the claims Plaintiff is attempting to bring through this suit. Plaintiff timely filed an Amended Complaint [#4] to address the Court's concerns about the sufficiency of the pleadings and the legal plausibility of his claims. The Court now undertakes a review of Plaintiff's pleadings pursuant to 28 U.S.C. § 1915(e). For the reasons that follow, the undersigned recommends that Plaintiff's case be dismissed pursuant to Section 1915(e). The undersigned has authority to enter this report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

1

## I. Analysis

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). "A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). This court is "vested with especially broad discretion" in making the determination of whether an IFP proceeding is frivolous or fails to state a claim. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff's Complaint and Amended Complaint name one Defendant—Spectrum. Plaintiff's Original Complaint attempted to allege a claim of securities fraud under Section 17 of the Securities Act of 1933, codified at 15 U.S.C. § 77q. Plaintiff claimed that he entered into a consumer credit transaction with Defendant, and Defendant committed securities fraud. Plaintiff provided no other details regarding the allegations underlying his proposed Complaint.

In the undersigned's order directing the filing of a More Definite Statement, the undersigned noted that Section 17 of the Securities Act of 1933 prohibits fraudulent conduct and material misstatements and omissions in connection with the sale of securities. 15 U.S.C. § 77q. There were several deficiencies identified in Plaintiff's Complaint. Plaintiff did not allege that Defendant sold or attempted to sell him a security, and Plaintiff's allegations appeared to concern a consumer agreement, not the sale or purchase of a security. Further, to assert a claim under Section 17, a plaintiff must allege (1) a misstatement or omission (2) of a material fact (3) made with scienter (4) on which the plaintiff relied (5) that proximately caused his injury. *Abrams v. Baker Hughes Inc.*, 292 F.3d 424, 430 (5th Cir. 2002) (internal quotation marks

omitted); *Landry v. All Am. Assurance Co.*, 688 F.2d 381, 387 (5th Cir. 1982).  In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake, i.e., the who, what, when, where, and how of the fraud.  Fed. R. Civ. P. 9(b).  Plaintiff's Original Complaint also failed to satisfy this heightened pleading standard.

The Order directing a More Definite Statement asked Plaintiff to answer the following questions in filing an Amended Complaint:

- What security did you purchase or were you attempting to purchase from or invest in with Defendant?

- Please identify the "who, what, when, where, and how" of the alleged fraud.
    - Who specifically committed the fraud?
    - What was the alleged fraudulent misrepresentation?
    - When was the fraud committed?
    - Where did the fraud occur?
    - How was the fraud perpetuated?

- How do you know the person who committed the fraud knew the representations were fraudulent?  What do you believe the person's state of mind to have been at the time of the alleged fraud?

- What did you do in response to the misrepresentations?

- How were you harmed?

Plaintiff's Amended Complaint did not respond to these questions and instead dropped the claim of securities fraud and cites two federal statutes—the Bill of Exchange Act and the Federal Reserves Act.  Plaintiff contends that Spectrum is a "federal savings association" and that in January 2023, Plaintiff entered into a consumer credit transaction with Defendant, which set certain payment schedules and rates.  Plaintiff appears to be arguing that Plaintiff attempted to make payments according to a contract, and Defendant failed to correctly apply the funds to his account.

Federal courts like this one are courts of limited jurisdiction. This Court only has jurisdiction and authority to entertain cases that either (a) raise a federal question (involve claims arising under the United States Constitution or a federal statute) or (b) fall under the Court's diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. For the Court to have jurisdiction over a state-law claim under the Court's diversity jurisdiction, the matter in controversy must exceed $75,000 and be between citizens of different states. *Id.* at § 1332(a).

There is no federal subject matter jurisdiction over this case. Plaintiff is not able to pursue civil remedies under the Bill of Exchange Act or Federal Reserve Act, and the undersigned finds these claims to be legally frivolous. Plaintiff references Sections 16 and 29 of the Federal Reserve Act. Neither Section 16 nor Section 29 provide Plaintiff with a private right of action and therefore cannot serve as a basis for federal question jurisdiction. Section 16 concerns the issuance of federal reserve notes to federal reserve banks. *See* 12 U.S.C. § 411. Section 29 imposes civil penalties on banks for an array of misconduct. *See* 12 U.S.C. § 504. Plaintiff has not pleaded that Spectrum is governed by these provisions. And district courts across the country have repeatedly rejected attempts to invoke these provisions as a private cause of action. *See White v. Lake Union Ga Partners LLC*, No. 1:23-CV-02852-VMC, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023) (collecting cases). The Bill of Exchange Act of 1882 is a Canadian statute with no application here.

Insofar as Plaintiff is attempting to plead a breach of contract action, he has not established diversity jurisdiction either. Although Plaintiff seeks $10 million in damages, Plaintiff does not identify the goods and services he purchased from Defendant that resulted in the credit transaction or the amount of the payments owed to Defendant. Plaintiff has not

pleaded a plausible claim of breach of contract satisfying the jurisdictional threshold to confer subject matter jurisdiction over this Court.

The undersigned also informs the District Court that Plaintiff has filed three other lawsuits in this Court in the last several months, all of which allege securities fraud and contain similar allegations against other Defendants: 5:23-cv-1254-FB-RBF, 5:23-cv-1298-OLG-HJB, and 5:23-cv-1305-JKP-RBF. All three of these cases remain pending.

## II. Conclusion and Recommendation

Having considered Plaintiff's Complaint under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends that Plaintiff's claims be **DISMISSED** for lack of subject matter jurisdiction, for failure to state a claim, and as frivolous pursuant to Section 1915(e).

## III. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party

from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 15th day of December, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE