IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAURICE ANTWAIN PAYNE,<br>　　　　*Plaintiff* | §<br>§<br>§ | |
| -vs- | §<br>§ | SA-23-CV-01313-XR |
| SPECTRUM, ET AL.,<br>　　　　*Defendant* | §<br>§<br>§<br>§ | |

## ORDER ON REPORT AND RECOMMENDATION

On this date the Court considered United States Magistrate Judge Eliabeth S. Chestney's Report and Recommendation in the above-numbered and styled case, filed December 15, 2023, (ECF No. 5) and Plaintiff's objections thereof, filed January 4, 2024 (ECF No. 9). After careful consideration the Court issues the following order.

On October 16, 2023, Plaintiff Jaurice Payne, acting pro se, filed a proposed complaint against Defendant Spectrum alleging (1) securities fraud pursuant to the Securities Act of 1933 § 17a, and (2) breach of contract and breach of fiduciary duties under both Section 29 of the Federal Reserve Act and the Bill of Exchange Act. *See* ECF No. 1-1. Plaintiff, without providing details, alleged he entered into a consumer credit transaction with the Defendant who then committed securities fraud. *Id*. On the same date, the case was referred to Magistrate Judge Elizabeth S. Chestney, along with the Plaintiff's motion to proceed in forma pauperis. ECF No. 1. Judge Chestney granted leave to proceed in forma pauperis ("IFP") but withheld service and ordered the Plaintiff to file a more definite statement regarding the sufficiency of the pleading by directing the Plaintiff to answer a number of specific questions that, if answered, would allow the Magistrate

Judge to determine the nature of Plaintiff's claims. ECF No. 3. Following the Magistrate Judge's order, the Plaintiff filed a timely amended complaint. ECF No. 4.

Plaintiff, in his amended complaint, dropped the securities fraud claim and reasserted his claims for breach of contract and breach of fiduciary duties against Defendant alleging vague facts that seems to suggest he entered into a consumer credit transaction with the Defendant and that when he attempted to make payments, according to a contract, the Defendant did not correctly apply those funds to his account. ECF No. 4 at 6–7. The claims were brought under two statutes—the Bill of Exchange Act of 1882 and the Federal Reserve Act, §§ 29 and 16, part 2. *Id*.

On December 15, 2023, the Magistrate Judge issued a Report and Recommendation recommending that the Court dismiss the Plaintiff's claims for lack of subject matter jurisdiction, for failure to state a claim, and as frivolous pursuant to Section 1915(e). ECF No. 5.

Specifically, the Magistrate Judge recommended that the Court does not have subject matter jurisdiction over this case because the Plaintiff cannot pursue claims under the Bill of Exchange Act or the Federal Reserve Act and the Plaintiff did not establish diversity jurisdiction for the breach of contract claims. ECF No. 5 at 4.

First, the Magistrate Judge recommended that the breach of contract claim and breach of fiduciary duty claim brought pursuant the Bill of Exchange Act claim be dismissed as legally frivolous because the Act is a Canadian Statute with no application in the United States. *Id*.

Second, the Magistrate Judge recommended that both the breach of contract claim and breach of fiduciary duty claim, as brought under Sections 16 and 29 of the Federal Reserve Act, be dismissed because neither section provide the Plaintiff with a private right of action. *Id*. Specifically—Section 16 concerns the issuance of federal reserve notes to federal reserve banks and Section 29 imposes civil penalties on banks in the event of misconduct. *Id*.

Finally, the Magistrate Judge further recommended the Plaintiff's breach of contract, insofar as it is brought as a standalone action (not under a federal statute), be dismissed because the Plaintiff does not establish diversity jurisdiction. *Id*. Specifically, although the Plaintiff seeks $10 million in damages, he fails to provide what he purchased from the Defendant that resulted in the alleged credit transaction or the amount of payment owed to the Defendant thereby failing to plead a plausible claim of breach of contract that satisfies the jurisdictional threshold of diversity jurisdiction. *Id*.

On January 4, 2024, the Plaintiff filed his objections to the Magistrate Judge's Report and Recommendation. ECF No. 9.

## DISCUSSION

### I.   Legal Standard

A party may serve and file objections to a Report and Recommendations within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id*.; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

## II.  Analysis

In Plaintiff's Objections to the Report and Recommendation (ECF No. 9), he objects to several "key areas" where he believes the Magistrate Judge erred in her "assessment and recommendation." ECF No. 9 at 1.

First, Plaintiff objects to the Magistrate Judge's recommendation that the Court lacks subject matter jurisdiction over this case. *Id*. at 2. Plaintiff argues that "contrary to the Magistrate Judge's findings, . . . this Court has federal jurisdiction under 28 U.S.C. § 1331" because his claims are "premised upon violations of federal statutes – notably, the Federal Reserve Act Section 29 and the Bill of Exchange Act." *Id*. at 2. The Plaintiff then states that "his interpretation of these statutes warrants exploration and clarification in Federal Court." *Id*.

Second, the Plaintiff generally objects to the Magistrate Judge's report arguing that he complied with the Judge's request to provide the Court with a clear and factual basis and that his "thorough elaboration will aid the Court's assessment and decision making process." *Id*. The Plaintiff contends upon receiving the Magistrate Judge's instruction to file a more definite statement, he complied by submitting an amended complaint that "provided a more elaborate account, affirming the allegations of breach of contract and fiduciary duties against the Defendant and precisely addressing the 'who, what, when, where, and how' related to the defendant's action." *Id*.

Third, the Plaintiff objects to the Magistrate Judge's recommendation that claims brought under the Bill of Exchange of 1882 are frivolous. *Id*. at 3. Plaintiff provides his interpretation of the Bill of Exchange Act of 1882 and contends that the Magistrate Judge's determination that the act is inapplicable to his claim is not correct. *Id*.

Lastly, the Plaintiff objects to the Magistrate's recommendation that the Court does not have jurisdiction over Plaintiff's claims brought under Section 16 and 29 of the Federal Reserve Act. *Id*. at 3–4. Plaintiff re-urges his contention that his claim can be brought under the Federal Reserve Act, specifically Section 16, Part 2 and Section 29. *Id*.

As discussed above, the Plaintiff asserts both general and specific objections to the Magistrate Judge's Report and Recommendation; however, the Court notes that the Defendant is merely restating or attempting to clarify the claims that he brought in his complaint. Such "objections that simply rehash or mirror the underlying claims addressed in the report are not sufficient to entitle the party to de novo review." *Chapa v. Comm'r SSA*, No. 4:20-CV-901-SDJ, 2022 WL 12365833, at *1 (E.D. Tex. Oct. 21, 2022).  Accordingly, the court OVERRULES the Plaintiff's objections.

The Court now reviews the remainder of the recommendation for clear error. Upon review, the Court finds the Magistrate Judge's Report and Recommendation to be neither clearly erroneous nor contrary to law. *Wilson*, 864 F.2d at 1221. Therefore, the Court ACCEPTS the Magistrate Judge's recommendation and DISMISSES the Plaintiff's claims without prejudice.

## **CONCLUSION**

For the foregoing reasons, the Court **OVERRULES** all of Plaintiff's objections; **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 5) and **DISMISSES** the Plaintiff's claims without Prejudice. A final judgment pursuant to Rule 58 will follow.

The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff Jaurice Antwain Payne c/o 190 Flair Drive, San Antonio, TX 78227.

It is so **ORDERED**.

**SIGNED** this 21st day of October, 2024.

                                                                                                                       XAVIER RODRIGUEZ  
                                                                                                                       UNITED STATES DISTRICT JUDGE